IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRANDON JONES | : | |
| Plaintiff | : | |
| v | : | Civil Action No. AW-06-3210 |
| P. O'FLAHERTY, MR. WEBB, and M. WHETSTONE | : : | |
| Defendants | : | |

o0o

# MEMORANDUM

Pending in the above-captioned civil rights case is Defendants' Motion to Dismiss or for Summary Judgment. Paper No. 11. Plaintiff has filed a Response in Opposition to the motion. Paper No. 17. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Defendants' motion, construed as a Motion for Summary Judgment, shall be granted.

## Background

Plaintiff alleges on June 24, 2006, at 6:45 p.m., he was held in a meeting room located in Housing Unit 7 of Maryland Correctional Training Center (MCTC) by Officer Whetstone, who was asking him why he wrote an administrative remedy procedure (ARP) complaint about him Paper No. 1 and 17. Plaintiff states he did not answer the questions and, although he was handcuffed, Whetstone asked him if he wanted to fight. *Id*. Plaintiff declined the offer to fight; Whetstone assured him he would not report the fight to anyone if Plaintiff did fight him. *Id*. Plaintiff claims he was frightened and asked to see a Sergeant or a Lieutenant so that he would be removed from the room. *Id*.

Plaintiff claims that Whetstone began yelling at him, punched him in the chest and

stomach, and knocked him to the floor. *Id*. Once on the floor Plaintiff claims Whetstone kicked him and he lost consciousness a few times. *Id*. He claims Whetstone then began beating him in the legs. *Id*. After the beating was finished, Whetstone warned Plaintiff that if he reported it, it would happen again. *Id*. On June 30, 2006, Plaintiff filed a written complaint alleging he was assaulted. Paper No. 11 at Ex. B-5. Plaintiff claims he sought medical treatment but received none until mid-July when photographs were taken of him. Paper No. 1.

Documents reveal that Plaintiff's allegation was investigated by the Internal Investigation Unit for the Division of Correction. Paper No. 11 at Ex. B-3. According to the investigative report, dated December 22, 2006, Plaintiff was seen by a nurse on June 30, 2006 for the injuries he allegedly sustained four days earlier. *Id*. at Ex. B-5. Pictures were taken of Plaintiff and the nurse who examined him noted no injuries. *Id*. The investigation revealed that Whetstone was not assigned to the area of the prison where Plaintiff alleges he was assaulted. *Id*. When asked about the incident Whetstone denied all allegations. *Id*. When Plaintiff was interviewed about his allegations he invoked his Miranda rights and chose not to discuss any of the details about the assault. *Id*. Plaintiff also refused to withdraw his complaint.[1] *Id*.

None of the six other officers assigned to Plaintiff's housing unit recalled an assault committed against Plaintiff. *Id*. at B-7– B-8. The investigation was then closed because there was no witness or physical evidence to support the allegation. *Id*. at B-9.

---

[1] Whetstone was transferred to North Branch Correctional Institution (NBCI) on November 22, 2006.

**Standard of Review**

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original). "The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The Court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

"The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).  The court has an obligation to ensure that factually unsupported claims and defenses do not go to trial.  *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U. S. 317, 323-24 (1986)).

## Analysis

Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992).  This Court must look at: the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *See Whitley v. Albers*, 475 U. S. 312, 321 (1986).  In the instant case, no justification is offered for the use of force alleged; rather, Defendants simply deny the assault took place.  If Plaintiff's version of events is accepted as true, however, Defendants are entitled to summary judgment.  Plaintiff's medical evaluation, which took place four days after the alleged assault, revealed no injury. *See* Paper No. 11 at Ex. B; *see Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir.1993) (requiring significant emotional or physical injury to state a constitutional claim).  To the extent that the conduct alleged was malevolent and served no legitimate purpose, the isolated nature of the incident coupled with the absence of objective evidence of physical harm removes the claim from the realm of constitutionally prohibited acts.

*See Hudson,* 503 U.S. at 9 (not every malevolent touch gives rise to a federal cause of action).

Defendants are entitled to summary judgment in their favor.


December 18, 2007                                   _____/s/_____
Date                                                               Alexander Williams, Jr.
                                                                   United States District Judge